# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**ANTHONY GRIFFIN, Reg. #19410-075**                                              **PLAINTIFF**

**v.**                           **Case No. 2:16-cv-00139-KGB**

**BUREAU OF PRISONS,** *et al.*                                                   **DEFENDANTS**

## ORDER

On September 20, 2016, plaintiff Anthony Griffin, proceeding pro se, filed a complaint (Dkt. No. 1) and a motion for leave to proceed in forma pauperis ("IFP") (Dkt. No. 2) in the United States District Court for the District of Columbia. In his complaint, Mr. Griffin alleges that he was denied adequate medical care in violation of his Eighth and Fourteenth Amendment rights. The case was subsequently transferred to the United States District Court for the Eastern District of Arkansas (Dkt. No. 3).

On November 9, 2016, Mr. Griffin filed a request for status and notice of change of address (Dkt. No. 5). That same day, the Court denied Mr. Griffin's motion for leave to proceed IFP (Dkt. No. 6). On November 21, 2016, Mr. Griffin filed a second motion for leave to proceed IFP (Dkt. No. 7), which the Court granted on October 25, 2017 (Dkt. No. 8). On November 6, 2017, that Order was returned as undeliverable (Dkt. No. 9).

On April 3, 2018, Mr. Griffin filed a motion for copies and notice of change of address (Dkt. No. 10), which the Court granted on February 11, 2019 (Dkt. No. 11). In its February 11, 2019, Order, the Court also noted that it "cannot order service on the defendants until Mr. Griffin determines their correct service addresses" and ordered Mr. Griffin to "file a 'Motion for Service' providing the defendants' full names and service addresses within 30 days from the entry of this

Order" (*Id.*, at 1, 2). That Order was sent to the address that Mr. Griffin provided on April 3, 2018, but was returned as undeliverable (Dkt. No. 12).

To date, Mr. Griffin has not provided valid service addresses for defendants, and the time to do so has since passed. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Additionally, mail sent to Mr. Griffin's last known address has been returned as undeliverable (Dkt. No. 12), and Mr. Griffin has not provided the Court with a new address. *See* Local Rule 5.5(c)(2) ("It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."); *see also Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (recognizing a district court's "inherent power to dismiss sua sponte a case for failure to prosecute") (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993))).

Accordingly, the Court dismisses this action without prejudice for failure to comply with its February 11, 2019, Order and for want of prosecution.

It is so ordered this 24th day of January, 2020.

Kristine G. Baker
United States District Judge